UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MISTY ABRAMS,

    Plaintiff,

v.                                        CASE NO. 3:24-cv-317-TJC-SJH

BJ AND GEORGE, INC., etc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery Responses and for Sanctions ("Motion"), filed on September 25, 2024. Doc. 17. The Motion asserts that Defendant has not provided initial disclosures and has failed to respond to Plaintiff's first interrogatories and requests for production. *Id.* at 2. Plaintiff thus seeks an order compelling Defendant to (i) serve its initial disclosures pursuant to Federal Rule of Civil Procedure ("Rule(s)") 26(a), (ii) respond to Plaintiff's First Set of Interrogatories, and (iii) produce all documents responsive to Plaintiff's First Request for Production. *Id.* at 1, 4. Pursuant to Rule 37, Plaintiff also requests an award in her favor of the expenses incurred in bringing the Motion. *Id.*

Defendant has not responded to the Motion and the deadline for doing so has passed. *See* Local Rule 3.01(c). Accordingly, the Motion may be treated as unopposed. *See id.*; *see also Slingshot Env't LLC v. Sound Strategic Sols., LLC*, No. 6:23-cv-915-WWB-RMN, 2024 WL 2716616, at *1 (M.D. Fla. Mar. 21, 2024); *Turner v.*

*Nat'l Fire & Marine Ins. Co.*, No. 6:23-cv-580-RBD-LHP, 2023 WL 4419737, at *1 (M.D. Fla. July 10, 2023).

Moreover, the Court entered an Order on October 18, 2024 ("Order to Show Cause"), directing Defendant to show cause in writing, on or before November 1, 2024, as to why the Motion "should not be granted as unopposed, including why the Court should not assess in favor of Plaintiff the reasonable expenses associated with the filing of the Motion" pursuant to Rule 37(a)(5). Doc. 18. Defendant has also failed to respond to the Order to Show Cause.

In short, Defendant has failed to participate in discovery, failed to respond to Plaintiff's Motion, and failed to respond to the Court's Order to Show Cause. The Court will therefore grant the Motion as unopposed and direct Defendant to serve initial disclosures, answers to Plaintiff's interrogatories, and documents responsive to Plaintiff's requests for production. In addition, because the Motion is granted, Rule 37(a)(5)(A) applies, and the Court must award Plaintiff the reasonable expenses incurred in making the Motion, absent circumstances warranting application of an exception under the Rule. Defendant has not responded to the Court's Order to Show Cause or presented any suggestion such an exception applies. Thus, the Court will also order an expense award.

Accordingly, it is **ORDERED**:

1. The Motion (Doc. 17) is **granted**.

2. On or before **December 2, 2024**, Defendant must serve on Plaintiff (but not file with the Court):

    a.    its Rule 26(a) initial disclosures;

    b.    complete responses, verified under oath, to Plaintiff's First Set of Interrogatories; and

    c.    all documents in its possession, custody, or control, responsive to Plaintiff's First Request for Production.

3.    Plaintiff is **granted** its reasonable expenses incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). The parties are **directed** to attempt in good faith to resolve such award by agreement and to promptly file a notice with the Court if they do so. If not resolved earlier, such efforts must include a meet-and-confer conference between counsel for the parties, to occur in person, by telephone, or by videoconference, no later than **December 2, 2024**. If the parties cannot reach an agreement, Plaintiff must file a properly supported motion on its position as to the award to be made for the expenses incurred in bringing the Motion no later than **December 6, 2024**, to which Defendant must file a response within 14 days of service.

**DONE AND ORDERED** in Jacksonville, Florida, on November 8, 2024.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to: Counsel of Record

3